The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Eugene G. Daugherty presiding. Good afternoon. We're calling our case number 4-25-0612, People v. Jared Williams. I would ask counsel for the appellant to please state your name for the record. Nancy Vincent. And for the appellee? David Manchin. All right. Good afternoon to both of you. Ms. Vincent, you may proceed. Thank you, Your Honor. May it please the court, counsel, my name is Nancy Vincent and I represent the appellant, Jared Williams, in this matter. Everything that happened in this case is why there is a strict 10-day deadline in Section 131c.2. The overarching purpose of that section is to default to juvenile sentencing when the minor is convicted of an offense not covered by the charges that gave rise to the excluded jurisdiction provision in the first place. If the evidence only supports a conviction of the crime that is not excluded from juvenile court jurisdiction, then the sentencing should fit the judgment of the non-excluded conviction, unless there are specific reasons not to do that. The Illinois Supreme Court in People v. Fort made that very point. And the statute is designed to do exactly that. And as the court in Fort made clear, this prevents the state from overcharging minors when the evidence does not support adult sentencing. And here, Jared was charged with first degree murder for shooting Mason Loy on August 26, 2023, when he was 17 years old. Due to that charge, he was subject to the excluded jurisdiction provision of Section 131a. He was not charged with, but was convicted of, second degree murder, a charge not covered by Subsection 1a, and that is also pursuant to People v. Fort. Therefore, Subsection c. 2 is triggered, which requires the trial court to proceed to sentencing under the juvenile code, unless the state files a motion for a hearing for adult sentencing within 10 days of the verdict. And here the state... Tell us your response to the state's position that when, and I think we have to talk about the first sentence of Sub 2 and the second sentence of Sub 2. Yes, but their reading of the second sentence of Sub 2 is that the entry of a finding and return of a verdict means somewhat different things. They're essentially arguing that return of the verdict may be a determination of guilt, but that the entry of a finding is some sort of a declarative statement by the court, finding that the offense of which the defendant was convicted is a juvenile, we'll call it a juvenile court offense. So, tell me your response to that. So, there are two responses. First of all, that first sentence of Subsection c. 2, which is after the trial or plea, the court finds that the minor committed an offense not covered by Paragraph a. There's a finding there that it's not covered. That is a different kind of finding from what that second sentence talks about with the entry of a finding. As I explained in the opening and the reply brief, entry of a finding necessarily means that they're talking about a guilty plea. If you didn't read it that way, then the only thing this statute could apply to are jury trials, and that cannot be what the legislature meant to happen. So, entry of a finding is an entry of a finding of guilt or the return of a verdict. So, what they're talking about in that second sentence is the end of the finding for purposes of a judgment. So, a finding of guilt, either pursuant to a guilty plea or the return of a verdict pursuant to a jury trial. And here, there's really no question because it's a jury trial, so it's a return of a verdict. So, the state had 10 days from the return of that verdict on April 2nd, 2025 to file their motion, and that they did not do. So, the finding in the first paragraph, it says if after trial or plea, the court finds that the minor committed an offense not covered by paragraph A, so it's not an automatic transfer offense, that finding shall not invalidate, so forth. But are we not looking at finding here as being as in the determination of guilt? I mean, for instance, a judge can find a defendant guilty of a certain offense, which happens to be a Class X offense. The judge typically doesn't say, I find you guilty of this offense, and I further find that it is a Class X offense. That usually is not part of that finding. Are you saying that you agree that the finding in the first sentence is some sort of declaration beyond the determination of guilt? I don't necessarily think so. However, I don't think that the answer to that question necessarily matters, and here's why I say that. Because that first sentence does not have a time deadline on it. There's nothing in that first sentence that says that finding must first occur before the state is triggered by the 10-day rule. So, I think really they're talking about different findings. So, that first sentence is talking about the finding in terms of whether or not the judgment is one that's covered by the statute. And that is a finding that can occur after the state makes their request for a hearing. So, the first thing that's going to happen is, is it even a covered offense? But there's nothing in that sentence that requires that finding to occur before anything else does. The only time deadline in that statute is the 10-day finding after the entry of the verdict, or entry of finding of guilt, or a verdict, return of the verdict. And there's a, there's a very good reason for that. The whole idea behind this is to default to juvenile sentencing, which necessarily has some pretty tight deadlines. Jurisdictions lost once the minor turns 21. So, the idea behind making sure that the request is in, so that the individual can be adjudicated under the juvenile code. You don't want to keep them hanging for months and months and months. You don't want to keep kicking the can down the road. The whole idea behind the 10-day rule is to prevent that very thing from happening. So, the fact that there isn't a deadline on that first part is not indicative of the fact that the only thing that gets triggered is a finding that it's not covered. The only 10-day deadline occurs after there is a verdict or a finding of guilt. So, after the individual pleads guilty, or after the jury returns a verdict, your 10-day clock starts to run. And the statute makes that very clear that that's where the 10-day window is. Okay, you can proceed. Okay, I already found my place because actually you asked the question that I was getting to. And just to follow up, it's important what those first few words don't say. We can't read things into the statute that aren't there. And the thing that's not there is any requirement that the finding that it is not a covered offense must first occur before anything else does. I think that is just there to make sure that everything is in order so that if it's not a covered offense, the state is on notice that they've got 10 days, as well as the defense. Well, that's only in the second sentence. I'm sorry? That's only in the second sentence. That's correct. However, yes, but the finding there, and it's really not relevant for purposes of the facts of this case, because any finding that may have occurred in this case occurred in 2017 with people before it. So, when this verdict was returned for a verdict of guilty of second-degree murder, which is not a covered offense, the state was on notice at that point that they had 10 days. And any further finding was completely superfluous. What about Fort? The state argues that until the judge gave an indication that this was headed towards juvenile sentencing, it had no reason to file its motion, and that therefore the 10-day clock hadn't started to run. That is the state's position. I believe that that is a misreading of the statute. There's no finding necessary because by operation of law and people before it. So, the difference between Fort and this case is that in Fort, they actually changed the law. I think it was People v. Tony that said that second-degree murder was a covered offense. So, the court in People v. Fort would not have been placed on notice. But more importantly, in Fort, that 10-day requirement is still in there because they made it very clear that once they sent the matter back to the circuit court with directions to vacate the sentence, the state had 10 days from that point to file its motion. So, they mean that there is a 10-day window that the state has to file that motion. And for purposes of Fort, that would have occurred because the state would have been on notice at that point, but not before. Here, the state was on notice because Fort's been on the books since 2017. You're saying that they knew the general principle that the offense of which, by happenstance, this defendant was convicted of, it remains presumptively subject to juvenile court jurisdiction. Yes. Once that second-degree verdict was returned, the state was on notice that it was presumptively included jurisdiction under juvenile court, and they had 10 days from that point. There is no argument that the state could make that they weren't on notice because People v. Fort was the law. And I've not found any cases that have questioned Fort, at least on that particular point. So, the state really has no basis for a belief that it may not have been subject to included jurisdiction. It clearly was, once that second-degree verdict was returned. Do you agree that we should not be looking to the subjective knowledge of the particular prosecutors in the case? That we should be making the determination of the question objectively? Like, hey, this was established by Supreme Court case law. We're not going to look to see whether Attorney Joe Smith knew about it. It's just, it is what it is. I think that's probably the cleaner, safer way to do it. I think the record reflects that there is at least some basis to conclude that this particular prosecutor was on notice. Yeah, I'll flip that on you. There's no way you'd be saying, well, it turns out this guy just didn't know anything about this. So, I guess the period never started to run. You'd say, no, Judge, we have to do this objectively. Absolutely. I do think that the better course of action is as an objective standard. And the objective standard is, People v. Fort made it very clear in 2017 that this conviction is included in juvenile court jurisdiction. And the state was on notice on April 2 that they had 10 days to file its motion. So, how do you explain Fort, which allowed the state another 10 days on remand? Well, it had to start, the 10 days had to start somewhere. And so, by your logic, though, it had already started and expired. So, why wasn't that the result in Fort? I don't know that it did, at least in terms of a fairness proposition, mainly because up until that point, the law was not at all clear that second degree murder was not a covered offense. Fort, as I said, overruled, I think it was People v. Tony, which was the first district case that said it was. So, the state would have needed, perhaps, notice. And once Fort was decided, that was their notice. And then they had 10 days from the date that the mandate issued remanding the matter back to vacate the judgment. So, that 10-day deadline means something. And the fact that the Illinois Supreme Court gave the state 10 days from the date that the judgment was vacated pursuant to the mandate means that they don't want these things being delayed for months and months and months pursuant to the very limited time deadlines that you have for juvenile court jurisdiction. You don't want these things hanging around. And the whole point behind the 10-day notice is the legislature has set up this provision where juvenile sentencing is the default. And if the state wants adult sentencing after proceedings in adult criminal court, it's on them to follow the statute, do it within the time deadlines of the statute, and convince the court from there. There's just no... The state cannot argue that they are not on notice in this case, that once that second degree verdict came down, that there was any question left, that Jared was automatically subject to juvenile sentencing unless and until they made a motion within 10 days of that verdict. There was nothing left for anyone other than the state to bring up. There's nothing in the statute that requires the juvenile to do anything. The burden is on the state to make that motion. And that's what sets everything in motion. It was the state that had to take that statutory step, which was to request the hearing for purposes of adult sentencing. And here the state didn't do that. And the consequence is right there in the statute, that Jared is subject only to sentencing as a juvenile. The adult criminal sentence was not available at that point. If the court has no further questions, Jared would request that this court reverse and remand this matter so that he may receive the benefit of the law, including sentencing in juvenile court. Thank you. Thank you, counsel. Mr. Manchin. May it please the court, counsel. The 10-day limit was not violated here. This is the first case that ever discusses exactly what is the triggering event. Is it a special finding by the trial court that is a non-covered offense, or is it just simply 10 days after the verdict to a non-covered offense? Tell me what the word or means in that sentence. Okay, the second sentence. Let's accept for the moment your idea that this finding is some sort of a declaration and different than the finding of guilt. Right. It says or the return of a verdict. So that's conjunctive. There was a verdict return. Why didn't the clock run? Because under the first sentence, if after a court of plea, they find that it's not covered, juvenile is to be sentenced as a... Individual is supposed to be sentenced as a juvenile. Yeah. That means there has to be a finding first before the... Okay, you're back to sentence one. Sentence two says a finding or the return of verdict. So why does not the return of verdict trigger the 10-day period to run? Well, the statute does not say verdict or finding, whichever comes first. That is true. So is your position that the verdict may have started the 10-day period running, it expired, and then there was a finding that opened up a new 10-day period? No, my contention is that the 10-day period never started running at the verdict. If the legislature wanted the verdict itself to be the starting period, it could have simply said, if defendant is convicted of a non-covered offense, the state must file a motion for adult sentencing within 10 days. It would not have needed that initial language of if the court finds that it's a non-covered offense, the... The first sentence has no time period built into it. All it's saying is, look, if you go into the adult track and you're found guilty, that is not... And it turns out the offense is a juvenile offense because of the lesser instruction. That doesn't wipe out that conviction. But you shall be sentenced in juvenile unless the state acts, right? It says, if there's a finding that it's a non-covered offense, he shall be sentenced as a juvenile. So let me tell you what the statute said. There has been no finding of a non-covered offense. It's like your question regarding a convicted of a Class X offense. The court does not say, I find you guilty of a Class X offense. He just says, I find you guilty of murder or whatever with me. But that's what you're saying is, you're saying this provision is different. That you've got to find guilt and then you've got to make some declaration that the guilt is of an offense that's a juvenile offense.  And unless there's no special finding that it's not covered offense, the 10-day rule just doesn't apply. How does that make sense when the statute tells you what is defined offense? What's a defined offense? It expressly sets out a procedure that if the court finds, it shall be a sentence as a juvenile. So you have to have that finding first. I think you would be hard-pressed to track that language with these two sentences. No, I think that under defendants reading the verdict of this statute, they're reading out entirely that first half of the statute requiring a special finding. Because a finding of non... Does it say special finding somewhere? Well, it says, finds that a minor committed offense not covered. A verdict is not necessarily a finding that a minor committed offense is not covered. You have to look to the statute to determine or case law to determine what that offense is. Is it still covered or not? But it doesn't say that the 10-day period begins to run upon the return of a verdict and a finding. It says, or a finding. And even assuming that it's the finding that you're talking about, some declaration, not just of guilt, but that the offense is a juvenile offense. That's not... I don't know how you get that out of there. It just is from the verdict or the finding, either one. But again, as I say, the statute does not say whichever is first. So that if the finding is later than the verdict, it could still be within the 10 days of that finding. Would you be surprised to learn that before this statute was amended, I want to say in the late 90s, that the operative language of that second sentence was the same? Written motion within 10 days following the entry of a finding or the return of a verdict. But the first sentence said nothing about finding, it just said convicted. That statute got amended all over the place to take the word out when it said convicted because that's not accurate for a juvenile offense. With that history, doesn't it suggest this is just the finding of guilt of an offense that we know by looking at it is not a juvenile offense? You're still convicted. No, not in a juvenile case. That's why the legislature took out references to being convicted. You have been found guilty. You have been determined guilty by verdict, but you are not convicted. There is no conviction. I still think that the change in language from conviction to a special finding does indicate that the legislature was wanting something beyond just the verdict or- Even though that change was made throughout the juvenile law to take out the word convicted and replace it with finding, determination, those kinds of words. Well, I am not familiar with this, so my mind is drawing blank with so far of the legislature history, so I apologize to the court. That's okay, that's probably not a fair question. I just simply say that as the statute is written, it requires a special finding before- It says special. Or say it requires a specific finding that it's a non-covered offense. It doesn't say specific. It says finding that the juvenile committed an offense, right? So that's guilt, which is not covered by paragraph A. So really, we're just talking about the determination of guilt. But then, again, I get back to the point that that is the finding in that first sentence has to mean something other than the verdict. Otherwise, why did the legislature then come back in the second set of sentences to say finding or verdict? Because if finding is the verdict, you don't need the verdict in the last sentence. It's just after the finding. But the first sentence is the rule, the second sentence is your deadline. I just submit that as the statute is written, that that is not the proper interpretation of the statute, that there is a finding that the offense is not covered before the 10 days kicks in. If the second sentence reference to finding is talking about a first sentence reference to some sort of special finding, some very specific finding, then why does it say the entry of a finding or the return of a verdict rather than the finding? I'm not sure. The all I'm saying is that by referring to finding and then finding or verdict, it means that finding is not the same thing as verdict. So that finding in the first sentence. You're right. You're right. So let's do this. Let's take an imaginary red pen and strike from that second sentence the words or the return of a verdict. Does your interpretation of the statute change a bit? You want the 10 days to run from the finding. Great. But why does it say a finding or a verdict? I'm not sure. I'm just saying that the language to use by the legislature requires a finding that the defendant covered an offense that was not covered. That means that the there has not been a finding in this case that it was a not not covered so that that 10 days that does that doesn't start. It does not say within a finding of a finding or verdict, whichever sooner. No, but do you agree that if we struck the words or the return of a verdict, the statute would mean exactly what you say it means now? Why is verdict in there at all? I I'm not sure. But I'm just submitting that it's just the usual legislative. How to say wisdom in how they write their statutes. The legislature is not known for clarity or consistency in its legislation, and I think this is just a another example of sloppy draftmanship, if nothing else. Would we then interpret that to the benefit of the minor defendant? If that's if that's the case, wouldn't wouldn't the rule of lenity say that we would interpret this to the benefit of the minor under the rule of energy? Yes, but as I say, it's within 10 days of finding or verdict. So the state could wait for the finding. Before the 10 days, because it doesn't say finding or verdict, whichever is 30 sooner. Except that a verdict under your interpretation doesn't affect anything anyway, and it's just surplus age in that sentence. I'm just saying that if the. Prosecutor wanted to, he could he could file it within the 10 days under the statute. And it would likely be likely be found to be. A proper, but he's not required to do so until there's a finding that the is a non covered offense. I suppose we can all do something early, but that doesn't tell us what the deadline is. Mr. Manchin, you're a seasoned prosecutor. So looking at the framework of the statute. And the structure of the language, would you agree with the proposition that the juvenile act is set up such that. Sentencing in the juvenile court is the default. Correctly, OK, that's the case. How does how does your interpretation of the language? Make sense the default is to set a time. And if you blow the date, we're going to have this individual. Sentence in juvenile court, which is. The default of the court. Well, there's 1st has to be a finding that it defaults. OK, I give up. Councilor, if I may, I want to circle back to questions earlier with regards to. This court's evaluation of whether it's the objective knowledge of the prosecutor or. Somehow we're supposed to evaluate the subjective knowledge of the prosecutor. Council, we speak to that issue. Well, I think it is an objective issue if we're going on subjective basis. It's clear that defense counsel below was aware of this. And could have requested the finding that of non noncovered offense. Because they on the record, they make a statement about reproaching the court. Without telling the prosecutor he's doing so, just talking only to the judge about the court case. The. Prosecutor does have is held to knowledge of the law and to know that. Secondary murder is not a covered offense under that decision. But without. Any legislation, I guess, if we follow that and he has a duty to have knowledge of the law and that's what I can agree is covered. Then how I guess I go back to your reading of the statute once again, why would a finding be necessary? Because that's what the statute says. It says that has to be a finding. Or let's let there is no case law. Deciding what is the triggering event of the case decided by the defendant are ones in which the defendant pled guilty and agreed to be sentenced as an adult and waived the juvenile sentencing. And the court said, no, that you can't waive it. The other case was the one where there was a disagreement as to whether the statute even applied because it was a murder, secondary murder one. And in the third one, they didn't. The there was a one filed, but not no notice given to the defendant. And they said that it was that the it was improper, but they did. None of those cases expressly address the case. Is it simply is it do you have to file the request for sentencing as an adult immediately after the verdict and within 10 days of the verdict? That question has never been been addressed. And it says so. Why do we need to address that right in the statute? Well, well, the reason we had to address it is that this this very argument we were having today that that are you required to do it after the verdict? Or are you required to wait for a judge to termination that is not covered? Right. Assuming that there is, but how about this? There are two ways to determine guilt, right? It's either a verdict or a finding by a judge after bench proceeding. Why doesn't it mean that? Why doesn't the finding and the verdict both refer to the same thing? The determination of guilt. I just don't believe it does, because they again going back to the, the, the language of the statute is inconsistent because it says you have to have a finding. It's not covered. That has to be something different than finding or verdict because they they refer to a finding or verdict in the second sentence. But, but, but if it's different, you're cooked, right? Because it's got to be the same finding or you're done. Go ahead. You didn't answer Justice Doherty's inquiry with regard to. I don't think if I'm wrong, I stand corrected. But the finding could very well be the court's finding of guilt versus a verdict from an impanel jury. Could it not make sense to you, right? Well, the trial, when entering a, the trial court also enters a verdict when he finds a individual guilty. So there was a, there was a verdict here. Only juries enter verdicts, Mr. Manchin. Judges can enter convictions, but they can't enter a verdict. Only a jury enters the verdict. I stand corrected, but I, I still say that the, that by referring to finding at the, of a nine covered offense has to mean something other than just simply the finding of guilt. If the court has no other further questions, I will stand and agree.  Seeing none from my colleagues, I'll return to Ms. Benson. Thank you, Your Honor. Briefing is over. I, I think the answer to, and I believe it was your question. I mean, the reason it's using the term entry of a finding or return of a verdict is because they can't use the word conviction because that only occurs after sentencing. So they have to use the term finding because that is a finding. And because as you pointed out, a judge enters a conviction. The jury enters a verdict. So there has to be a finding of guilt, but that's not a conviction. And the finding of guilt occurs either in terms of after a guilty plea or the return of a verdict. There's your finding of guilt. That's the finding they're talking about. The finding of guilt has to, to attach to a non-covered offense. That's what they're talking about with finding. They're not talking about a special finding or a specific finding. There's nothing that triggers anything in the statute except a finding of guilt or the return of a verdict. That's what triggers the 10 days. To read it the way the state wants you to read it renders that phrase, return of a verdict, completely superfluous. And it's there for a reason. And the reason is because if someone is being prosecuted in adult court, they have the right to a jury trial. You have to account for that somehow. So they're accounting for the finding of guilt in one of two ways, either from a guilty plea or from a verdict. You can't use the term conviction because A, those don't occur in juvenile court. And B, you don't have one until after the sentence. And this is occurring before the sentence. So that's why that is phrased the way it is. And that's very clear if you read the entirety of the statute. You there's just no special finding that the court has to make. It's just not there. At some point, the court does need to before making the judgment that the individual is subject to adult sentencing, you know, but that occurs after that 10 days is triggered. The state has to make that finding first. Otherwise, the default is juvenile sentencing. And none of this is even relevant. So the first thing that has to happen is the finding of guilt, the return of a verdict, that date, 10 days from there, the state files its motion. Then you have this conversation about whether or not the individual is subject to adult sentencing. And the state also believes that Jared was required to request a finding or could have requested a finding. The statute doesn't place that onus on him. The burden is on the state to make the request. So I'm not sure how defense counsel pointing it out somehow tolls the time that the state has or doesn't put the state on notice or puts the state on notice. Point is the state's on notice by virtue of people before and the law. So from an objective standpoint, the state is on notice that they've got 10 days from April 2nd, 2025 to enter that, to make their motion for Jared to be sentenced in adult court. As a final note, I would note that Jared turns 21 on November 13th of this year. So time is of the essence. And with that, I would submit this to the court to reverse the judgment and allow him the opportunity for juvenile sentencing. Thank you, Ms. Vincent. And thank you, Mr. Manchin, for your insights today on this very interesting issue. We will take the matter under advisement and issue a decision in due course. We now stand in recess.